McRae v. Hammond.

4-2984

Opinion delivered April 24, 1933.

*Emmet Vaughan,* for appellant.

*Glen H. Wimmer,* for appellee.

McHANEY, J. This lawsuit originated in the justice court, where appellant suffered defeat, was appealed to the circuit court with like result, and now it is here and must be affirmed. It arose in the following manner: George Wright Jones leased a sawmill at Des Arc. He had a customer in Memphis who desired to purchase two carloads of pecan lumber. Jones did not have the lumber nor any money with which to buy the logs to make it. Appellee Hammond had the timber and agreed with Jones to furnish the logs at the mill for $16 per thousand feet with the understanding that the labor and cost of the logs were to be first paid out of the sale price of the lumber before Jones was to have anything. Whatever remained over and above the cost of labor and logs was to go to Jones. The lumber was to be inspected and paid for in Des Arc before shipment. One carload was thus handled, but appellee did not get any pay for his logs. The second car was delayed in manufacture by a breakdown in the mill, and the inspector had to return to Memphis, so it was agreed that this car should be shipped subject to destination inspection. Later it was loaded, billed to purchaser, and, while on the siding awaiting transportation, was attached by appellant, a creditor of Jones. Appellee intervened, setting up his rights, and it was agreed that the car be delivered, the proceeds placed in bank pending a determination of the rights of the parties. The amount due appellee for logs exceeds the proceeds of the sale of the second car, and approximately all the proceeds of the first car was required to pay the labor and repair the mill.

Appellant's contention is that the lien of his attachment is superior to appellee's lien for the purchase money of the logs. We cannot agree with this contention. The only equity Jones had in the lumber was the excess over the cost of the logs and the labor for manufacturing them. As we have already stated, there was no excess. The proceeds of the sale, after deducting $50 advanced to Jones by the purchaser, were insufficient to pay appellee for the logs. Appellant's debtor, Jones, therefore had no inter-

est in the second car which could be attached by appellant. The undisputed evidence is that appellee agreed to furnish the logs to manufacture the lumber, and that it was to be inspected by the purchaser and the logs paid for before the lumber left Des Arc. The court should have directed a verdict in appellee's favor, as there was no question of fact to submit to the jury. And it can make no difference that the first car was shipped without paying appellee.

This makes it unnecessary to discuss the errors assigned in the giving and refusing to give certain instructions.

Affirmed.